FILED '08 SEP 11 14:36 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NICOLE R. SMITH,

    Plaintiff,

vs.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Civ. No. 08-00023-TC

OPINION AND ORDER

Coffin, Magistrate Judge:

Defendant moves to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b), 12(b)(1), and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted (#20). For the following reasons, defendant's motion is granted.

## Background

In 2003, plaintiff filed an application for a period of

1 Opinion and Order

disability and disability insurance benefits under Title II of the Social Security Act. Her claim was denied at all levels of the process. The notice of the final ALJ decision stated that if plaintiff wished to appeal further, she was required to file a request for review with the Appeals Council within 60 days of her receipt of the ALJ decision. The ALJ decision was mailed to plaintiff on July 28, 2006. Plaintiff requested review of the ALJ decision. On October 26, 2007, the Appeals Council denied the request for review, stating that plaintiff had 60 days to commence this civil action. Therefore, plaintiff had until December 31, 2007, to commence this lawsuit.

Plaintiff commenced her lawsuit on January 3, 2008. The Appeals Council stated that it is unaware of any request to extend plaintiff's filing deadline, and plaintiff's complaint does not state an explanation for why it was late.

Furthermore, On August 11, 2008, this court ordered plaintiff to show cause why defendant's motion to dismiss should not be allowed. Plaintiff failed to respond to the court's order.

## Standard

Judicial review of final decisions on claims arising under Title II or Title XVI of the Social Security Act is provided for and limited by sections 205(g) and (h) of the Act. 42 U.S.C. §§ 405(g) and (h). The remedy provided by section 205(g) is exclusive:

> (g) Any individual, after any decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of

> notice of such decision or within such further time as the Commissioner may allow. . . .
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

There is no federal question jurisdiction for social security disability benefits claims. <u>Mathews v. Eldridge</u>, 424 U.S. 323, 327 (1984).

Therefore, the only civil action permitted on plaintiff's claim is one arising under the above-mentioned sections; such action must be commenced within 60 days after the mailing to plaintiff of the notice of the final decision of the commissioner "or within such further time as the Commissioner may allow." The Commissioner has interpreted "mailing" as the date of receipt by the individual of the Appeals Council's notice of denial of a request for review. 20 C.F.R. § 422.210©). The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. 20 C.F.R. §§ 404.901, 416.1401, 422.210©). Plaintiff did not provide any explanation for her untimely filing of this action. <u>See also</u> <u>Banta v. Sullivan</u>, 925 F.2d 343, 345-46 (9th Cir. 1991) (stating that although the sixty-day time limit is not jurisdictional, but is instead a statute of limitation which the Secretary may waive, plaintiff pointed to no evidence of waiver;

3 Opinion and Order

plaintiff could not point to equities in favor of tolling the limitations period that were so great that deference to the agency's judgment was inappropriate) (quotation and internal citation omitted).

## Conclusion

Plaintiff has not presented evidence of any extraordinary circumstances that would justify extending the 60-day period. Moreover, plaintiff did not respond to the court's order to show cause why she had not responded. For the foregoing reasons, defendant's motion to dismiss is granted (#20).

Dated this 11th day of September, 2008.

THOMAS M. COFFIN
United States Magistrate Judge

4 Opinion and Order